# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BRIAN WILLIAM SCHUMAKER | : | MOTION TO VACATE |
| BOP ID 59309-019, | : | 28 U.S.C. § 2255 |
|   Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:13-CV-3247-WSD-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|   Respondent. | : | 1:07-CR-289-WSD-CMS |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on federal inmate Brian William Schumaker's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [341], Schumaker's Brief and Memorandum of Law in Support of Grounds Five and Six to Motion Under 28 U.S.C. § 2255 [341-1], the government's Response [353], Schumaker's Motion and Notice of Motion for Summary Judgment [355], Schumaker's Reply to Government's Response to 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [360], and miscellaneous additional filings from Schumaker [351, 354 & 357].

For the following reasons, the undersigned will recommend that Schumaker's motions and "demands" be denied and that a Certificate of Appealability be denied.

During the course of Schumaker's multi-day trial, the government established the following facts [321 to 323 (trial transcripts)].

In 2007, Schumaker was a married father of five daughters residing in Canada and working for Primerica.  In July of that year, Schumaker entered a Yahoo! chat room frequented by people seeking sexual relationships with children.  There, Schumaker initiated a conversation with a person using the name "MommaLuvsAnna."  Schumaker wrote: "incest?"  When "Lynne" responded, Schumaker asked whether she and "Anna" were:  "wanting to?"  Schumaker stated that he had "played" with incest families and would "play" with his own daughters, except that his wife would "kill him."

There followed additional chats and private messages in which Schumaker corresponded with Lynne, described in graphic detail his prior experiences with "incest families," and shared pornographic photographs of adults and children.  For example:  On July 17, Schumaker asked Anna's age and where she and Lynne lived, learning that Anna was eleven-years-old and that Lynne and Anna lived in Atlanta, Georgia.  Schumaker stated that he would be in Atlanta during the first week of August and that he would like some "pleasure" with Lynn and Anna.  Schumaker expressed in

2

graphic language the sexual acts he wanted to engage in with eleven-year-old Anna.   On July 19, Schumaker forwarded additional pornographic images of adults and children and again expressed in graphic language the sexual acts he wanted to engage in with Anna.   On July 27, Schumaker advised Lynne that he would be driving from Canada to Atlanta on August 1.  On July 30, Schumaker asked to chat online with Anna, told her he was coming to meet her and her mother, sought to impress upon her the importance of keeping the meeting secret, and wrote "all three of us keep secret then?"   And, on July 31, Schumaker gave Lynne his cellular phone number and arranged a meeting for Friday, August 3, at 9:30 a.m. at an IHOP restaurant in Alpharetta, Georgia.

Schumaker also needed to be in Atlanta to attend a Primerica conference, and Schumaker rented a car and drove with two colleagues from Canada to Atlanta to attend the conference, as well as to meet Lynne and Anna.   The government offered evidence that predators using the Internet to find minors to have sex with consider Atlanta a "destination city" based on the number and size of conventions held here.

On August 2, Schumaker telephoned Lynne to confirm that he was in Atlanta and still wanted to meet.  On August 3, Schumaker called Lynne at

3

8:15 a.m., told her he was waiting at the IHOP, and asked if Anna liked music. Told that she did, Schumaker said he would leave the restaurant briefly to buy her a music CD and then return.

Neither Lynne, nor Anna, however, actually exist. Rather, both were characters being role-played online by male and on the phone by female law enforcement officers primarily working for the FBI's "Safe Child" task force out of offices in Atlanta.

Thus, when Schumaker returned to the IHOP, he was arrested. In connection with that arrest, FBI agents seized Schumaker's cell phone, a Palm Pilot handheld computer, and a Wal-Mart bag containing a music CD purchased after Schumaker had spoken to Lynne that morning. The FBI located the hotel where Schumaker was staying and learned that he was sharing a room with his Primerica colleagues. With Schumaker's colleagues' assistance, the FBI agents were able to identify and seize additional items belonging to Schumaker, including a Dell laptop.

Thereafter, the FBI agents obtained a search warrant to examine the contents of the seized cellphone, Palm Pilot, and Dell laptop. Those searches tied Schumaker to the phone calls and chat and messaging

4

sessions discussed above, revealed a search history including directions to the IHOP, and uncovered stored images of known child pornography.

Schumaker was indicted for (1) crossing a state line with the intent to engage in a sexual act with a person under twelve years of age, in violation of 18 U.S.C. § 2241(c), (2) using a computer to entice a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b); and (3) possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) [11].  He was ultimately tried on those three charges, as restated in a Second Superseding Indictment [177].

In September 2007, this case was assigned to the Honorable William S. Duffey, Jr., and the Honorable E. Clayton Scofield III [Unmbrd. Dkt. Entry dated Sept. 6, 2007].  Schumaker was represented by three lawyers from the Federal Defender Program.  In addition, Schumaker filed many additional pleadings *pro se.*

During pretrial proceedings, Schumaker sought, among other things, to dismiss the first two counts and to suppress the results of the searches of his Palm Pilot and Dell laptop, complaining that the searches of images created from their respective storage devices occurred outside the time-frame authorized by the search warrant.  After review of Judge Scofield's

Final Reports and Recommendations with respect to those motions and Schumaker's Objections thereto, Judge Duffey denied these motions.

In August 2010, after three-years of pre-trial proceedings, this case was reassigned from Judge Duffey to Judge James L. Graham, a senior judge from the Southern District of Ohio. This occurred because the Northern District of Georgia was experiencing a judicial emergency resulting from unfilled judicial vacancies. As a result of those unusual circumstances, a formal request for judicial assistance from outside the district was made, and on August 7, 2010, Chief Justice John G. Roberts, Jr. entered an Designation and Assignment of a Senior United States Judge for Service in Another Circuit, designating Judge Graham "to perform judicial duties in the United States District Court for the Northern District of Georgia during the period of October 4, 2010 to October 15, 2010" [213 at 1].

Schumaker's trial was set for that period of time. Schumaker's competency was called into question, however, and Schumaker filed additional pretrial motions, so the trial was delayed until March 2011.[1]

---

[1] Chief Justice Roberts' Designation and Assignment further provided that it endured "for the period or purpose stated and for such time as needed in advance to prepare and to issue necessary orders, or thereafter as required to complete unfinished business" [213 at 1].

After a multi-day trial and several days of jury deliberations, Schumaker was convicted on all three counts [279] and sentenced to a 360-month term of imprisonment on Count One, with lower concurrent sentences on the two other Counts [302].

Through new appointed counsel, Schumaker appealed (1) the "denials of his motion to dismiss for lack of jurisdiction and improper venue," (2) the denial of "his motion to suppress the information found on his laptop computer and Palm Pilot device," (3) "an alleged variance between the indictment and the proof at trial," (4) the "response to a jury question during the deliberations," (5) the denial of his motion "to dismiss Counts 1 and 2 based on the lack of any actual victim and an alleged Tenth Amendment violation," (6) "the alleged overbreadth and vagueness of Count 1," and (7) "his allegedly unconstitutional sentence on Count 1." *United States v. Schumaker*, 479 F. App'x 878, 881 (11th Cir. 2012). Schumaker's appeal was denied. *Id.*

This matter is now before the Court on the filings listed in the first paragraph, all relating to Schumaker's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [341]. Schumaker contends that he is entitled to relief on the following sixteen grounds:

(1) "'Gonzalez-Lopez' STRUCTURAL ERROR" [341 at 4];

(2) "U.S. Const. Art. IV, § 2 Full Faith and Credit shall be given in Judicial proceedings – Violation" [*id.* at 5];

(3) "<u>FRAUD</u> upon the Grand Jury" [*id.* at 7];

(4) "Article VI, Clause 2 'Supremacy Clause' violation where '<u>all</u> <u>Treaties made . . . shall be the Supreme Law of the Land</u>" [*id.* at 8 (ellipsis in original)];

(5) "Lack of 'Territorial Jurisdiction' otherwise under Title 40 USC § 3112 – Federal Jurisdiction; to meet requirements thereto and together with Title 18 USC § 7" [*id.* at 10];

(6) "Lack of 'Subject-Matter Jurisdiction' under Title 18 USC § 3231 NOT being constitutionally or legislatively enacted causing 'impermissible application of constitutionally Invalid statutes'" [*id.*];

(7) "Lack of Article III 'irreducible federal constitutional minimum' 'Standing' requirement in the threshold requirements of the case" [*id.*];

(8) "Lack of 'Personal Jurisdiction' by not comporting with the 'Due Process of Law' Clause of the 14th Amendment of the Constitution" [*id.*];

(9) "There is absolutely no victim in the case, whereby the trial and Appellate continue to apply a 'novel interpretation' of the statutes to provide a 'prohibited judicial reconstruction' of the charges in the indictment" [*id.* at 11];

(10) "There is absolutely NO 'Real-Party-in-Interest', or ANY person who has come forward 'to state a claim upon which relief can be granted' and the case is founded upon nothing more than an allegation of 'some possible future injury' which certainly FAILS to support any federal court from even hearing the case" [*id.*];

(11) "There is NO 'Constructive Notice' of jurisdiction to comport with International Law 'Due Process' (also provided under 14th Amndmt.) in providing the UNITED STATES 'Personal Jurisdiction'" [*id.*];

(12) <u>Alleyne v. U.S.</u> violations whereby 'elements' 'triggering' mandatory minimums at sentencing were NOT 'submitted to the jury and found beyond reasonable doubt'" [*id.* at 12];

(13) "Safety Valve considerations were denied through negligence of appointed counsel" [*id.* at 13];

(14) "Petitioner was denied consideration under §5k2.20 <u>Aberrant Behavior</u> (Policy Statement)" [*id.*];

(15) "The cumulative error doctrine" [*id.* at 14]; and

(16) "This 28 U.S.C. § 2255 was completed and submitted without the assistance of Petitioner [due] to the fact that inmate Brian Schumaker was assaulted and placed in the Special Housing Unit under administrative detention" [*id.*].

Schumaker then states:   "All the grounds presented herein have indeed been presented to either the trial court, the 11th Circuit, or the Supreme Court of the UNITED STATES" [*id.* at 15].  Schumaker complains, however, that "none of the grounds have been adequately addressed, or have been rhetorically deflected to avoid ANY direct answer, or outright ignored" [*id.*].

The government agrees that many of Schumaker's grounds for relief were raised on direct appeal [353 at 14].  The government then correctly

argues that this means those grounds for relief cannot be reconsidered in a § 2255 proceeding because "[o]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under § 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). This applies to Schumaker's grounds 5, 6, 8, 9, and 10. As a result, Schumaker is not entitled to relief in this § 2255 proceeding on those grounds.

The government contends that most of Schumaker's other grounds are procedurally defaulted because he failed to raise them on direct appeal and has not alleged "cause" and "prejudice" sufficient to overcome that default [353 at 7]. This applies to Schumaker's grounds 1, 2, 3, 4, 7, 11, 12, 14, and 15. This is also correct, and Schumaker is not entitled to relief in this § 2255 proceeding on any of these grounds, either.

Finally, the government contends that Schumaker's ground 13 alleging ineffective assistance of counsel is meritless [353 at 15]. In ground 13, Schumaker asserts that "Safety Valve considerations were denied through negligence of appointed counsel" [341 at 13]. It is readily evident, however, that Schumaker, a *sex* offender, was not entitled to safety valve relief, which is available only to *drug* offenders. *See* 28 U.S.C. § 3553(f).

Schumaker's trial counsel could not have performed deficiently by failing to request relief to which Schumaker clearly was not entitled, and Schumaker could not have been prejudiced by his counsel's failure to request such relief. *See generally Strickland v. Washington*, 466 U.S. 668 (1984).

The government does not address Schumaker's ground 16, but it is indisputable that this ground did not raise an issue that would warrant setting aside, vacating, or correcting Schumaker's convictions and sentence. Rather, to the extent that Schumaker might have been hampered in completing and submitting his § 2255 motion by his temporary administrative detention for disciplinary reasons, an appropriate remedy would have been an extension of his filing deadline. But Schumaker requested no extension, and the record reflects that he has had ample opportunity to file – and indeed has filed – numerous pleadings in further support of his § 2255 motion.

In his Reply to the government's Response, Schumaker argues for the first time that he actually intended to raise Grounds 1-4, 7, 11-12, and 14-15 as ineffective assistance of counsel claims [360 at 1]. Schumaker notes that by recasting each of these grounds for relief "under the guise of ineffective assistance of both trial counsel <u>and</u> appellate counsel," he can avoid the

procedural bar to review of these issues that otherwise resulted from his failure to raise any of those issues on direct appeal [*id.* at 2].

While courts hold *pro se* filings to less stringent standards than those drafted by lawyers, *see, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972), and construe them liberally, *see, e.g., Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).  Moreover, Schumaker clearly demonstrated in his § 2255 motion that he *knew* how to bring an ineffective assistance of counsel claim, because he brought one in ground 13.  It thus appears that Schumaker made a deliberate choice when he elected to frame grounds 1-4, 7, 11-12, and 14-15, in other terms and to raise only ground 13 as an ineffective assistance of counsel claim.  Accordingly, the undersigned declines to rewrite Schumaker's procedurally defaulted claims.

Schumaker also complains in his Reply that it is inappropriate for Judge Duffey to consider and rule upon his § 2255 motion [360 at 3-4]. Here, Schumaker points to Rule 4(a) of the Rules Governing Section 2255

12

Proceedings for the United States District Courts, which provides "[t]he Clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged."  28 U.S.C. foll. § 2255, Rule 4(a).  Schumaker contends that this provision requires Judge Graham, rather than Judge Duffey, to review his § 2255 motion.

But Rule 4(a) further provides that "[i]f the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure."  *Id.*  It appears under all the circumstances of this case that Judge Graham is "not available" within the meaning of Rule 4 and that the re-assignment of Schumaker's § 2255 motion to Judge Duffey pursuant to "the court's assignment procedure" is appropriate pursuant to Rule 4(a).

The undersigned notes that Judge Graham and Judge Duffey shared responsibility for the trial of this case.  Judge Graham presided over trial from March 28 to March 30, and gave the jury its instructions on March 31. Judge Duffey then presided from March 31 to April 4, while the jury deliberated, responded to jury questions, and took the jury's verdict.  This

*shared* responsibility for the case was known to Mr. Schumaker, *see* [324 at 53], and he raised no objection at the time.[2]

Because Judge Duffey acted as the presiding judge both through three-years of pre-trial proceedings and shared responsibility for trial, Judge Duffey is appropriately tasked with review of Schumaker's § 2255 motion challenging those proceedings and the convictions the jury returned to Judge Duffey.

Because the record in this case plainly demonstrates that Schumaker is entitled to no relief on any ground that he has raised, no evidentiary hearing is warranted. *See generally Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989).

For the foregoing reasons, the undersigned **RECOMMENDS** that Schumaker's § 2255 motion [341] and other motions and "demands" [355, 357 & 360] be **DENIED**. The undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** because Schumaker has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v.*

---

[2] The undersigned notes as well that Judge Graham has recently recused in a child pornography case. *See United States v. Wheeler*, No. 2:14-cr-201, 2015 U.S. Dist. LEXIS 87893 (S.D. Ohio July 7, 2015) (identifying a conflict between his own views on sentencing and circuit precedent).

*McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 30th day of October, 2015.


_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE