# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

BRIAN WILLIAM SCHUMAKER,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

1:07-cr-289-WSD

## OPINION AND ORDER

This matter is before the Court on Movant Brian William Schumaker's ("Movant" or "Schumaker") Objections [365] to Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [361]. The R&R recommends that Schumaker's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [341] ("2255 Motion"), and Motion for Summary Judgment and for a Hearing [355], be denied and that a certificate of appealability be denied. Also before the Court are Schumaker's Motion for Extension of Time to File Objections [363][1] and "Motion for Evidence Rule 201(e) Hearing" [364].

---

[1] Schumaker's Motion for Extension of Time to File Objections [363] is granted *nunc pro tunc*.

## I.    BACKGROUND[2]

On April 4, 2011, following a six-day trial, a jury convicted Schumaker, a Canadian citizen, of crossing a state line with the intent to engage in a sexual act with a person under twelve (12) years of age, in violation of 18 U.S.C. § 2241(c) (Count One); using a computer to attempt to entice a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b) (Count Two); and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Three) [279]. The Honorable James L. Graham, Senior United States District Judge from the Southern District of Ohio, sitting by designation, presided over Schumaker's trial from March 28 to 30, and gave the jury its instructions on March 31.  This Court presided over Schumaker's trial during deliberations, from April 1 to April 4, including responding to jury questions and entering the jury's verdict.[3]

On August 1, 2011, Judge Graham sentenced Schumaker to 360 months imprisonment on Count One and 120 months imprisonment each on Counts Two and Three, to run concurrently [302].

---

[2]   The facts and procedural history are more thoroughly set out in the R&R. The Court in this Order summarizes the relevant background information.

[3]   Schumaker was indicted on August 28, 2007, and this Court presided over Schumaker's case, including pretrial motions, for nearly three (3) years.  On August 7, 2010, Chief Justice Roberts reassigned this case to Judge Graham because the Northern District of Georgia was experiencing a judicial emergency resulting from unfilled judicial vacancies.  ([213] at 1).  On March 31, 2011, Judge Graham returned to Ohio and this Court presided over the conclusion of the trial.

On appeal, Schumaker, represented by new counsel, argued that the Court erred: (1) in denying his motion to dismiss for lack of jurisdiction, including because he is a Canadian citizen; (2) in ruling that Schumaker was not entitled to suppression of evidence recovered from his laptop computer and personal devices; (3) in denying his motion to dismiss based on an alleged variance between the indictment and the proof at trial; (4) in responding to a jury question during deliberations; and (5) in failing to dismiss Counts One and Two based on the lack of an actual victim.  On May 24, 2012, the Eleventh Circuit affirmed Schumaker's conviction and sentence.  United States v. Schumaker, 479 F. App'x 878 (11th Cir. 2012).  On October 4, 2012, the United States Supreme Court denied certiorari.

On September 27, 2013, Schumaker, proceeding *pro se*, filed his 2255 Motion [341], asserting the following claims:

1. "'Gonzalez-Lopez' STRUCTURAL ERROR" ([341] at 4);

2. "U.S. Const. Art. IV, § 2 Full Faith and Credit shall be given in Judicial proceedings – Violation" (id. at 5);

3. "FRAUD upon the Grand Jury" (id. at 7);

4. "Article VI, Clause 2 'Supremacy Clause' violation where 'all Treaties made . . . shall be the Supreme Law of the Land" (id. at 8) (ellipsis in original);

5. "Lack of 'Territorial Jurisdiction' otherwise under Title 40 USC § 3112 – Federal Jurisdiction; to meet requirements thereto and together with Title 18 USC § 7" (id. at 10);

6. "Lack of 'Subject-Matter Jurisdiction' under Title 18 USC § 3231 NOT being constitutionally or legislatively enacted causing 'impermissible application of constitutionally Invalid statutes'" (id.);

7. "Lack of Article III 'irreducible federal constitutional minimum' 'Standing' requirement in the threshold requirements of the case" (id.);

8. "Lack of 'Personal Jurisdiction' by not comporting with the 'Due Process of Law' Clause of the 14th Amendment of the Constitution" (id.);

9. "There is absolutely no victim in the case, whereby the trial and Appellate continue to apply a 'novel interpretation' of the statutes to provide a 'prohibited judicial reconstruction' of the charges in the indictment" (id. at 11);

10. "There is absolutely NO 'Real-Party-in-Interest', or ANY person who has come forward 'to state a claim upon which relief can be granted' and the case is founded upon nothing more than an allegation of

'some possible future injury' which certainly FAILS to support any federal court from even hearing the case" (id.);

11. "There is NO 'Constructive Notice' of jurisdiction to comport with International Law 'Due Process' (also provided under 14th Amndmt.) [sic] in providing the UNITED STATES 'Personal Jurisdiction'" (id.);

12. Alleyne v. U.S. violations whereby 'elements' 'triggering' mandatory minimums at sentencing were NOT 'submitted to the jury and found beyond reasonable doubt'" (id. at 12);

13. "Safety Valve considerations were denied through negligence of appointed counsel" (id. at 13);

14. "Petitioner was denied consideration under §5k2.20 Aberrant Behavior (Policy Statement)" (id.);

15. "The cumulative error doctrine" (id. at 14); and

16. "This 28 U.S.C. § 2255 was completed and submitted without the assistance of Petitioner [due] to the fact that inmate Brian Schumaker was assaulted and placed in the Special Housing Unit under administrative detention" (id.).

On May 27, 2014, Schumaker filed his Motion for Summary Judgment and for a Hearing [355], in which he generally reiterates the grounds for relief raised in

his 2255 Motion, argues that he is entitled to summary judgment, under Rule 56 of the Federal Rules of Civil Procedure, on each of his claims, and requests a hearing on his motions.

On October 20, 2015, Magistrate Judge Salinas issued her R&R, recommending that Schumaker's 2255 Motion be denied. The Magistrate Judge found that Schumaker's arguments in Grounds 5, 6, 8, 9 and 10 were raised, and denied, on direct appeal, and thus cannot be relitigated in this collateral attack. (R&R at 9-10). The Magistrate Judge next found that Schumaker procedurally defaulted on his claims in Grounds 1-4, 7, 11-12, and 14-15, because he failed to raise them on direct appeal and does not allege "cause" and "prejudice" sufficient to excuse his procedural default. (Id. at 10). The Magistrate Judge found further that Schumaker fails to state a claim for ineffective assistance of counsel in Ground 13 because the safety value provision applies only to drug offenders, and thus Schumaker's counsel could not have rendered ineffective assistance by failing to request relief for which Schumaker, a sex offender, was not eligible. (Id. at 10-11). The Magistrate Judge also found that Schumaker was not entitled to relief on Ground 16 because it was not a cognizable claim for relief under § 2255.[4] (Id.

---

[4] The Magistrate Judge noted that, to the extent Schumaker was prejudiced as a result of his temporary administrative detention, an appropriate remedy would have been to seek an extension of time to file his 2255 Motion. Schumaker did not

at 11). The Magistrate Judge also considered and rejected Schumaker's argument, asserted for the first time in his Reply [360], that it is inappropriate for this Court to consider his 2255 Motion and that it was required to be submitted to Judge Graham. (Id. at 12-14). The Magistrate Judge concluded that, because it is clear from the record in this case that Schumaker is not entitled to relief on any ground raised in his 2255 Motion, an evidentiary hearing is not warranted. (Id. at 14). Finally, the Magistrate Judge recommended that a certificate of appealability be denied because Schumaker failed to make a substantial showing of the denial of a constitutional right. (Id.).

On November 16, 2015, Schumaker filed his "Motion for Evidence Rule 201(e) Hearing," again requesting an evidentiary hearing on his 2255 Motion, including to determine whether Court has subject matter jurisdiction in this case.

On December 10, 2015, Schumaker filed his Objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1);

---

request an extension and the record reflects that he had ample opportunity to file—and did file—numerous pleadings in further support of his 2255 Motion.

Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B. Analysis

Construing Schumaker's Objections liberally, the Court finds that Schumaker objects to the Magistrate Judge's findings that: (1) review of his 2255 Motion by this Court is appropriate; (2) Schumaker procedurally defaulted on Grounds 1, 3, and 4, and fails to allege cause and prejudice sufficient to excuse his procedural default; and (3) an evidentiary hearing is not required.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts liberally construe *pro se* petitions).  The Court conducts a *de novo* review of these portions of the R&R.

The Court carefully reviewed the remainder of Schumaker's Objections and

finds, even when liberally construed, that Schumaker fails to state any other specific objection to the Magistrate Judge's findings and recommendations or state how they are factually or legally incorrect.  Schumaker largely fails to address the Magistrate Judge's reasons for denying Schumaker's 2255 Motion, and instead reiterates the illogical, convoluted and conclusory arguments Schumaker asserted in his filings throughout this case.[5]  These are not valid objections and the Court will not consider them.  See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."); Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("[T]o challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection."); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court.").

---

[5]  Most of Schumaker's Objections focuses on his arguments that the Court lacks jurisdiction and that he cannot be guilty of violating 18 U.S.C. § 2241(c) or § 2422(b) because a real minor was not involved.  These arguments have been consistently rejected by this Court and the Eleventh Circuit.  See, e.g., ([200] at 5 n.3, 7; [208] at 5-6; [228]; [292]); Schumaker, 479 F. App'x 878.

9

The Court reviews for plain error those portions of the R&R to which Schumaker did not assert a valid objection.

        1.    <u>Schumaker's Objections</u>

               a.    <u>Review of Schumaker's 2255 Motion by this Court</u>

Rule 4(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged. If the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure.

Rule 4(a), Rules Governing Section 2255 Proceedings. The Magistrate Judge found that it appears under all of the circumstances of this case that Judge Graham is "not available" within the meaning of Rule 4, and that the reassignment of Schumaker's 2255 Motion to this Court pursuant to "the court's assignment procedure" is appropriate under Rule 4(a). (R&R at 12-13).

In his Objections, Schumaker generally reiterates his conclusory assertion that assignment of his 2255 Motion to this Court is inappropriate. Schumaker fails to allege any facts to support his claims that this Court is bias and engaged in "misconduct." This Court presided over the pretrial processing of Schumaker's case for over three (3) years, including addressing several of the arguments

Schumaker raises again in his 2255 Motion. Having conducted its *de novo* review, the Court overrules Schumaker's objection on this ground.

b.      Procedural Default of Grounds 1, 3, and 4

Federal courts have consistently held that a collateral challenge to a federal conviction and sentence "may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). "[O]nce a defendant's chance to appeal has been waived or exhausted . . . we are entitled to presume he stands fairly and finally convicted, especially when . . . he already has had a fair opportunity to present his federal claims to a federal forum." United States v. Frady, 456 U.S. 152, 164 (1982). "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." Id. at 166.

A movant must assert all available challenges on direct appeal. See Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). If an available challenge to a federal criminal conviction or sentence is not asserted on direct appeal, those claims will be considered procedurally defaulted in a § 2255 proceeding. Id. A § 2255 movant can avoid a procedural bar of the claim by demonstrating one of two exceptions to the general procedural default rule. Lynn, 365 F.3d at 1234. The movant must establish "cause for not raising the claim of

11

error on direct appeal <u>and</u> actual prejudice resulting from the alleged error." <u>Id.</u> "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] . . . from raising his claims on direct appeal and that this factor cannot be fairly [attributed] to [his] own conduct." <u>Id.</u> at 1235.[6] Constitutionally ineffective assistance of counsel may constitute cause. <u>Fortenberry v. Haley</u>, 297 F.3d 1213, 1222 (11th Cir. 2002). A § 2255 movant, however, must show that counsel's performance was ineffective under the standard in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To show ineffective assistance of counsel, a movant must show that counsel's performance was deficient, which requires the movant to prove that "counsel's representation 'fell below an objective standard of reasonableness.'" <u>Wiggins v. Smith</u>, 539 U.S. 510, 521 (2003) (quoting <u>Strickland</u>, 466 U.S. at 688). A movant also must show that counsel's ineffectiveness prejudiced the movant. <u>Strickland</u>, 466 U.S. at 687. To show prejudice, a movant must prove that there is "a reasonable probability

---

[6] The court also may excuse the failure to show cause for a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent" and thus would result in a fundamental miscarriage of justice absent review. <u>Id.</u> at 1234-35 (internal quotation and citation omitted). Actual innocence means factual innocence, not mere legal innocence. <u>Id.</u> at 1235 n.18. (quotations omitted). Schumaker does not appear to argue, and he fails to present any facts to support, that he is actually innocent of the crimes for which he was convicted. <u>See id.</u>; <u>see also</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 324, 327 (1995) (A § 2255 movant must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" not presented at trial).

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In Ground 1, Schumaker argues that the Court erred in denying Schumaker's requests to appoint new counsel. In Ground 3, Schumaker contends that there was "fraud upon the Grand Jury" because the grand jury was not told that 18 U.S.C. § 2422(b) required an actual victim and that the Court lacked jurisdiction over Schumaker. In Ground 4, Schumaker claims that his trial and conviction violate the Supremacy Clause, based on violation of certain foreign treaties.

Schumaker's claims asserted in Grounds 1, 3, and 4 were not raised on direct appeal, and therefore are procedurally defaulted. Schumaker claims, however, that his appellate counsel did not raise these issues because "[a]ppellate counsel refused to compromise the government's case as well, or raise ineffective trial counsel [sic] due to friendship within the 'brotherhood'; even though the record clearly established Defendant was disgusted with his trial representation and that counsel was ineffective." ([341] at 7; see also id. at 4, 9).

The Court previously considered and rejected Schumaker's arguments that trial counsel was ineffective, that evidence supporting jurisdiction and the existence of an actual victim was required to be presented to the Grand Jury, and that the Court lacked jurisdiction over him, including based on certain treaties and

13

international law.  (See, e.g., [200] at 5 n.3, 7; [208] at 5-6; [228]; [292]).[7]

Schumaker's arguments in Grounds 1, 3 and 4 lack merit, and thus it was reasonable for Schumaker's appellate counsel to decide not to raise these arguments on appeal.  See Owen v. Sec'y for Dep't of Corr., 568 F.3d 894, 915 (11th Cir. 2009) (where underlying substantive claims lack merit, deficiencies of counsel in failing to raise or adequately pursue them cannot constitute ineffective assistance of counsel); Shere v. Sec'y, Fla. Dep't of Corr., 537 F.3d 1304, 1311 (11th Cir. 2008) ("appellate counsel is not ineffective for failing to raise a meritless issue on appeal"); Ladd v. Jones, 864 F.2d 108, 110 (11th Cir. 1989) ("[S]ince these claims were meritless, it was clearly not ineffective for counsel not to pursue them.").  Appellate counsel's refusal to raise these arguments does not constitute ineffective assistance or excuse Schumaker's procedural default on these claims.  See Lynn, 365 F.3d at 1234.  Having conducted its *de novo* review, the Court overrules Schumaker's objection on this ground.

          c.    Evidentiary Hearing

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  See

---

[7] In denying Schumaker's motions to dismiss counsel, the Court specifically found that Schumaker failed to show that counsel was ineffective and failed to state any reasonable basis for appointing new counsel.  (See, e.g., [228]).

28 U.S.C. § 2255(b); <u>Lynn</u>, 365 F.3d 1239 (noting that prisoner seeking collateral relief "is *not* entitled to an evidentiary hearing . . . when his claims are merely conclusory allegations unsupported by specifics."). Schumaker's 2255 Motion and his requests for an evidentiary hearing are not supported by more than conclusory allegations, and the record in this case shows that Schumaker is not entitled to relief on any ground that he raised. Having conducted its *de novo* review, the Court overrules Schumaker's objection on this ground. Schumaker's requests for an evidentiary hearing, including in his 2255 Motion and Motion for Evidence Rule 201(e) Hearing, are denied.

    2. <u>Unobjected-to Portions of the R&R</u>

Schumaker did not object to the Magistrate Judge's finding that his arguments in Grounds 5, 6, 8, 9 and 10 were raised, and denied, on direct appeal, and thus cannot be relitigated in this collateral attack. (R&R at 9-10). The Magistrate Judge concluded that Schumaker is not entitled to relief on Grounds 5, 6, 8, 9 and 10, and the Court finds no plain error in these findings and recommendation. <u>See</u> <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.").

15

Schumaker did not object to the Magistrate Judge's finding that he procedurally defaulted on his claims in Grounds 2, 7, 11-12, and 14-15, because he failed to raise them on direct appeal and does not allege "cause" and "prejudice" sufficient to excuse his procedural default. (R&R at 10). The Magistrate Judge concluded that Schumaker is not entitled to relief on Grounds 2, 7, 11-12, and 14-15, and the Court finds no plain error in these findings and recommendation. See Mills, 36 F.3d at 1055; Lynn, 365 F.3d at 1234-35.

Schumaker did not object to the Magistrate Judge's finding that Schumaker fails to state a claim for ineffective assistance of counsel in Ground 13 because the safety value provision applies only to drug offenders, and thus Schumaker's counsel could not have rendered ineffective assistance by failing to request relief for which Schumaker, a sex offender, was not eligible. (R&R at 10-11). The Magistrate Judge concluded that Schumaker is not entitled to relief on Ground 13, and the Court finds no plain error in these findings and recommendation. See Strickland, 466 U.S. at 687-88; Owen, 568 F.3d at 915; Ladd, 864 F.2d at 110.

Schumaker did not object to the Magistrate Judge's finding that Schumaker was not entitled to relief on Ground 16 because it was not a cognizable claim for

relief under § 2255 (R&R at 11), and the Court finds no plain error in this finding and recommendation.[8]

### 3. Certificate of Appealability

A federal prisoner must obtain a certificate of appealability (COA) before appealing the denial of his motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to" a § 2255 movant. Rule 11(a) of the Rules Governing Section 2255 Proceedings (also providing that "[i]f the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22").

A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). A movant need not "show he will ultimately succeed on appeal" because "[t]he

---

[8] The Court notes that even if Schumaker asserted valid objections to the entire R&R and the Court conducted a complete *de novo* review, the Court would reach the same conclusions.

question is the debatability of the underlying constitutional claim, not the resolution of that debate." Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 934 (11th Cir. 2009) (citing Miller-El v. Cockrell, 537 U.S. 322, 337, 342 (2003)).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, 118 (2009) (quoting Slack, 529 U.S. at 484).[9]

The Court concludes that no reasonable jurist could argue that Schumaker has met his burden of establishing that he did not procedurally default his claims or that he made a substantial showing of the denial of a constitutional right. A certificate of appealability is required to be denied.

## III.   CONCLUSION

For the foregoing reasons, and having reviewed *de novo* those findings and recommendations in the R&R to which Schumaker has asserted an objection, and

---

[9] Although Slack involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. See Jones v. United States, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying Slack standard in § 2255 case).

having reviewed for plain error the remaining findings and recommendations in the R&R to which an objection was not asserted,

**IT IS HEREBY ORDERED** that Schumaker's Objections [365] to the R&R are **OVERRULED**.

**IT IS FURTHER ORDERED** that Schumaker's Motion for Extension of Time to File Objections [363] is **GRANTED NUNC PRO TUNC**.

**IT IS FURTHER ORDERED** that Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [361] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Schumaker's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [341] is **DENIED**.

**IT IS FURTHER ORDERED** that Schumaker's Motion for Summary Judgment and for a Hearing [355] and "Motion for Evidence Rule 201(e) Hearing" [364] are **DENIED**.

**SO ORDERED** this 13th day of June, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE