UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BRIAN WILLIAM SCHUMAKER, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:07-cr-00289-JPB |

## ORDER

This matter is before the Court on Defendant Brian Schumaker's ("Schumaker") Motion for Compassionate Release (ECF No. 385) ("Motion"). Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

In August 2011, Schumaker was sentenced to serve three concurrent prison terms of 360 months, 180 months and 60 months for, among other crimes, crossing a state line with the intent to engage in a sexual act with a minor. He has served approximately half of his sentence.

Schumaker now seeks early release from prison on the grounds that "the uncontrolled spread of COVID-19" at his prison, his prior COVID-19 illness while incarcerated, his various health conditions and the limited resources available to

the Bureau of Prisons ("BOP") to address the pandemic present "extraordinary and compelling reasons" warranting his early release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Government opposes the Motion because it argues that (i) Schumaker has not met his burden of showing that his underlying health conditions and the possibility of a COVID-19 reinfection constitute extraordinary and compelling reasons for a reduction in his sentence; (ii) he has not exhausted his administrative remedies with the BOP; (iii) he has failed to show that he is no longer a danger to the community; and (iv) the 18 U.S.C. § 3553(a) factors weigh against a reduction in Schumaker's sentence.

Under the First Step Act of 2018, a motion for compassionate release from prison may be filed directly with a district court on the earlier of thirty days after a prisoner makes a request to the warden of his facility for such release or when he has exhausted all administrative remedies related to the warden's failure to bring such a motion on his behalf. *See* § 3582(c)(1)(A). The court is authorized to reduce the term of imprisonment if "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction" and provided that "such a reduction

is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The relevant policy statement issued by the Sentencing Commission defines an "extraordinary and compelling" circumstance as: (1) a defendant who suffers from a terminal illness; (2) a defendant who suffers from a serious physical or medical condition, a serious functional or cognitive impairment or deteriorating physical or mental health because of the aging process, any of which substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover; (3) a defendant who is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process and has served at least ten years or seventy-five percent of his term of imprisonment, whichever is less; (4) the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or partner where the defendant would be the only available caregiver for the spouse or partner; and (5) other reasons as determined by the Director of the Bureau of Prisons.[1]  U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sent'g Comm'n 2006).

---

[1] The Sentencing Guidelines also establish that a defendant must show that he is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sent'g Guidelines Manual § 1B1.13(2).

In *United States v. Bryant*, the Eleventh Circuit Court of Appeals recently held that United States Sentencing Guideline "1B1.13 . . . governs all motions under Section 3582(c)(1)(A)" and that "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." No. 19-14267, 2021 WL 1827158, at *13 (11th Cir. May 7, 2021).[2]  In other words, this Court is bound by the definition of "extraordinary and compelling" set forth in the Sentencing Guidelines and does not have discretion to consider other factors or definitions.

Applying the holding of *Bryant* here,[3] the Court finds that Schumaker is not eligible for relief because he has not demonstrated (or even argued) that the facts

---

[2] This case is designated for publication, but the reporter citation is not yet available.

[3] The Government challenges whether Schumaker has exhausted his administrative remedies because the request for release he submitted to his prison facility ("Request") referenced only his underlying health conditions and did not mention or tie those concerns to the COVID-19 pandemic.  Schumaker did not respond to this argument, so it is unopposed.  *See Jones v. Bank of America, N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (agreeing with the district court's conclusion that "when a party fails to respond to an argument or otherwise address a claim, the [c]ourt deems such argument or claim abandoned"); *In re Acuity Brands, Inc. Sec. Litig.*, No. 1:18-cv-2140-MHC, 2019 WL 10246166, at *28 (N.D. Ga. Aug. 12, 2019) (finding that the defendant's argument was "unopposed" because the plaintiffs did not respond to it).  However, the Court notes that Schumaker's Request did reference his health concerns and that those concerns appear to form at least part of the grounds for his Motion.  Therefore, the Court finds that Schumaker's Motion is properly before the Court at least with respect to the health conditions described in his Request and will address the Motion as it relates to that

4

of his case satisfy the definition of "extraordinary and compelling" under § 1B1.13.[4]  For example, he has not shown that he has a terminal illness or a serious physical or medical condition that has substantially diminished his ability to provide self-care within the environment of a correctional facility.  Nor has he shown that he is sixty-five years old, has served at least ten years or seventy-five percent of his prison term and suffers from a serious deterioration in physical or mental health.  He also has not shown that release is necessary to allow him to care for a minor child or partner.[5]

     Accordingly, Schumaker's Motion (ECF No. 385) is **DENIED**.  Because the Motion was filed prior to *Bryant*, the Court will permit Schumaker to file a new

---

issue. *See United States v. Peace*, 4:14-CR-00011-SCJ-WEJ, Doc. 159, at 7 (N.D. Ga. June 29, 2020) (finding under similar facts that the defendant had exhausted his administrative remedies with respect to the medical conditions mentioned in his request).

[4] The Court recognizes that numerous opinions decided prior to *Bryant* considered factors other than those described in the Sentencing Guidelines.  However, *Bryant* is now the authority on the proper analysis of a motion brought under § 3582(c)(1)(A), and the Court is bound by it.

[5] The Court does not address the argument that Schumaker would be a danger to society if released because he has not satisfied the threshold burden of showing an extraordinary or compelling reason for early release.

motion for relief to the extent facts not presently before the Court exist that would change the analysis under *Bryant*.[6]

    **SO ORDERED** this 20th day of May, 2021.

                                                 _____
                                               J. P. BOULEE
                                               United States District Judge

---

[6] The Court reminds counsel for both parties to adhere to the applicable page limit and brief formatting requirements in any future filings or seek leave for variance from such rules.