IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRIAN SCHUMAKER, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:07-CR-00289-JPB-CMS-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:24-CV-04076-JPB-CMS |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant Brian Schumaker, confined at Federal Correctional Institution Fort Dix in Fort Dix, New Jersey, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 396). Katherine Terry's motion to withdraw (Doc. 398) is **GRANTED**.

This matter is before the Court for a preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases, which provides that summary dismissal is proper when the motion and the attached exhibits plainly reveal that relief is not warranted.

For the reasons stated below, it is **RECOMMENDED** that this action be **DISMISSED without prejudice**.

**I.  DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner wishing to file a second or successive § 2255 motion must first move in

the appropriate court of appeals for an order authorizing the district court to consider such a motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Absent such authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion. *Jones v. United States*, 82 F.4th 1039, 1047–48 (11th Cir. 2023).

Movant was convicted in 2011 of traveling to engage in a sexual act with a minor, in violation of 18 U.S.C. § 2241(c); use of a computer to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and he was sentenced to a total active term of 360 months of imprisonment. (Doc. 302). In 2013, Movant filed a § 2255 motion challenging these convictions that was denied on the merits. (Docs. 341, 361, 367, 383). In the instant § 2255 motion, Movant seeks to challenge these same convictions. (*See* Doc. 396 at 1). In particular, he claims that he has newly discovered evidence showing that his convictions are infirm for lack of jurisdiction because the United States does not have the authority to prosecute crimes committed within the State of Georgia. (*Id.* at 4–7).

However, because Movant previously filed a § 2255 motion that was denied, and because there is no indication that Movant has received prefiling authorization from the Eleventh Circuit, the instant § 2255 motion is impermissibly second or successive. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Jones*, 82 F.4th at 1047–48. Thus, this Court may not consider the motion, and the motion is subject to dismissal

for lack of jurisdiction.[1]  Because this case is due to be dismissed for lack of jurisdiction, Movant's motion to expand the record (Doc. 397) is **DENIED as moot**.

## II.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

---

[1] Movant contends that the instant motion is not second or successive, but his argument is flatly unconvincing, and the cases he cites are inapposite. (*See* Doc. 396 at 11 (citing *Johnson v. United States*, 544 U.S. 295 (2005); *Rivers v. United States*, 416 F.3d 1319 (11th Cir. 2005))).  Movant must present his alleged newly discovered evidence to the Eleventh Circuit for authorization to proceed.

3

right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issues presented is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

### III. CONCLUSION

For the reasons stated above, it is **ORDERED** that Katherine Terry's motion to withdraw (Doc. 398) be **GRANTED** and Movant's motion to expand the record (Doc. 397) be **DENIED as moot**, and it is **RECOMMENDED** that this action be **DISMISSED without prejudice** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO RECOMMENDED**, this 19th day of September, 2024.

*/s/ Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE