UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIAN SCHUMAKER,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CRIMINAL ACTION NO.<br>1:07-CR-00289-JPB-CMS-1 |

## ORDER

This matter is before the Court on the United States Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 399]. On September 10, 2024, Movant Brian Schumaker ("Movant") filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 ("Motion to Vacate") [Doc. 396]. In the R&R addressing the Motion to Vacate, the Magistrate Judge recommends that the motion be dismissed as impermissibly successive. See [Doc. 399, p. 4]. Thereafter, Movant filed his objections to the R&R. See [Doc. 401]. This Court finds as follows:

**I. Background**

On April 4, 2011, Movant was convicted by a federal jury for traveling across state lines to engage in a sexual act with a minor, use of a computer to entice a minor to engage in sexual activity and possession of child pornography. See [Doc. 279]. The Court sentenced Movant to 360 months of imprisonment

followed by a term of supervised release. [Doc. 302]. The Eleventh Circuit Court of Appeals affirmed Movant's convictions and sentence. [Doc. 336]. Then, on September 27, 2013, Movant filed a § 2255 motion challenging his convictions. [Doc. 341]. Shortly thereafter, this Court denied Movant's § 2255 motion on the merits. [Doc. 367]. The Eleventh Circuit declined to grant Movant a certificate of appealability as to this Court's denial of § 2255 relief. [Doc. 383].

In Movant's pending § 2255 motion, he claims that he has newly discovered evidence showing that his convictions are infirm for lack of jurisdiction because the United States does not have the authority to prosecute crimes committed within the State of Georgia. [Doc. 396-1, p. 2]. The "new evidence" that Movant points to is a letter from the office of the Georgia Secretary of State responding to a freedom of information request submitted by Movant. See id. at 16–19. In the letter, the Georgia Secretary of State informs Movant that it does not have copies of any letters in which the federal government provided notice that it intended to exercise jurisdiction over the enforcement of federal laws or other documents that indicate that the State of Georgia had ceded legislative jurisdiction to the federal government. Id. Movant argues that this "newly discovered evidence" shows that the federal government lacked jurisdiction to bring a case against him in Georgia, and Movant argues that his trial counsel refused to raise or investigate these jurisdictional issues. Id. at 4–5, 9.

In evaluating the merits of Movant's instant § 2255 motion, the Magistrate Judge determined that this Court lacks jurisdiction over the motion because it is successive, and Movant has not sought authorization from the Eleventh Circuit to file a successive motion. [Doc. 399, pp. 2–3]; see 28 U.S.C. § 2244(b). As such, the Magistrate Judge recommends that the instant Motion to Vacate be dismissed without prejudice. Id. at 4.

**II. Legal Standard**

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection *de novo* and any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). It is reasonable to place this burden on the objecting party because "[t]his rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the

purposes of the Magistrates Act." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009).

## III. Discussion

Most of Movant's objections consist of pseudo-legalese statements that are reminiscent of sovereign citizen arguments, such as his contention that he has no corporate identity and his invocation of the Uniform Commercial Code and admiralty law.  See generally [Doc. 401, pp. 1–2].  In his sole valid objection, Movant contends that his pending § 2255 motion should not be considered second or successive under the Eleventh Circuit's opinion in Stewart v. United States. 646 F.3d 856 (11th Cir. 2011).  In Stewart, the Eleventh Circuit held that, because the basis for a petitioner's numerically second § 2255 claim did not exist when he filed his initial § 2255 motion, the petitioner's "numerically second motion is not 'second or successive,' and § 2255(h)'s gatekeeping provision does not apply." Id. at 865.

However, unlike the petitioner in Stewart, Movant relies upon a claim for which the basis *did* exist prior to the filing of his initial § 2255 motion.  See id. at 864–65.  The "new" evidence that Movant points to—the purported fact that federal officials cannot prosecute federal crimes committed in the State of

Georgia—could have been discovered prior to his trial.[1]  Finally, Movant's claim that this Court lacked jurisdiction because the federal government cannot prosecute him for illegal activities committed in Georgia without the State's permission is entirely frivolous and devoid of merit.

### IV. Conclusion

For the reasons stated, this Court agrees with the Magistrate Judge that Movant's Motion to Vacate [Doc. 396] must be dismissed as impermissibly successive and for this Court's lack of subject matter jurisdiction.  Accordingly, the R&R [Doc. 399] is **ADOPTED** as the order of the Court, the pending motion [Doc. 396] is **DISMISSED** and a certificate of appealability is **DENIED**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 6th day of November, 2024.

_____
J. P. BOULEE
United States District Judge

---

[1] The Eleventh Circuit in Stewart also stated that "'[c]laims based on a *factual* predicate not previously discoverable are successive,' but '[i]f . . . the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.'"  646 F.3d at 863 (quoting Leal Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009)).  In addition to being previously discoverable, the "new" evidence Movant cites in support of his pending § 2255 motion appears factual in nature, thus further foreclosing the possibility that belated discovery of the evidence renders the instant motion non-successive.